STEPHANIE ANN CHITWOOD
244 Oberlin Drive
Galt, CA 95632

STEPHANIE ANN CHITWOOD, IN PRO PER

**FILED**
**AUG 19 2025**
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

fee not required
25-2107

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No.: 24-23447-A-13C |
| STEPHANIE ANN CHITWOOD, | **ADVERSARY COMPLAINT TO DETERMINE VALIDITY AND DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523- REQUEST FOR ADVERSARY PROCEEDING** |
| Debtor | DATE: August 19, 2025<br>TIME: 9:00 AM<br>DEPT: 28, 7th Floor<br><br>Judge: CLEMENT<br>Dept: 28, 7th Floor<br>Action Filed: August 19, 2025<br>Trial Date: September 23, 2025 |

I, Stephanie Chitwood, (Plaintiff Pro Se) respectfully submit the following adversary complaint to determine the validity and dischargeability of fees pursuant to **11 U.S.C. § 523(a)(4)&(7)** and request a jury trial to determine relief deemed just and proper for each defendant according to their actions taken to harm Plaintiff's estate. **Federal Rules of Bankruptcy Procedure- Rule 7001** allows debtors to file an adversary proceeding and to resolve disputes between parties. Under **28 U.S.C. § 157(b)**, jurisdiction over core proceedings—those that arise directly under the Bankruptcy Code or are central

- 1 -

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)& 523(a)(7)

to the bankruptcy process and submits that any arbitration clause between parties should be deemed unenforceable.

This is a counterclaim to determine the validity of M&T Bank's proof of claim as well as Yuba County's proof of claim. Additional counterclaims are to determine the dischargeability of debts and to seek relief due to actions caused by M&T, Yuba County, HUD representatives, and the contractor in the 203k agreement- Smitho & Sons. Plaintiff requests relief by jury trial under the jurisdiction of the bankruptcy court as submission of proof of claim by M&T Bank & Yuba County submits to consent to the Eastern Court of California.

**Defendant 1) M&T Bank**

**Defendant 2) Thomas Smith of Smitho & Sons- Contractor**

**Defendant 3) James Bishop- HUD Consultant**

**Defendant 4) Yuba County Departments Does 1-20**

**Defendant 5) Does 1-20***

*Plaintiff is currently unaware of the names and exact titles of all individuals and departments within Yuba County whose actions or omissions contributed to the harm alleged herein. Plaintiff will amend this complaint to include those parties as their identities become known through discovery in good faith.

The counterclaim to the creditor: M&T Bank arises from the events that led to the bankruptcy itself. Plaintiff alleges that the proof of claim is based on false statements and related to the fraudulent activity by the HUD consultant and contractor Smitho and Sons that were in previous contracts meant to fulfill the loan obligation regulations between Plaintiff and creditor M&T Bank. This is a direct contribution to the standing of Plaintiff's financial estate. By filing a proof of claim by creditor M&T Bank, the creditor consents to the bankruptcy court jurisdiction and allows the debtor to challenge the claims process in this complaint.

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)& 523(a)(7)

**1) Claims of Action: Determination of Validity and Extent of Lien – Rule 7001(2)**

Plaintiff alleges that the mortgage lien asserted by M&T Bank is partially void due to failure to complete the FHA 203(k) rehabilitation process. The property was rendered uninhabitable and ultimately destroyed, eliminating the collateral value. Therefore, the secured portion of the debt should be reclassified as unsecured, and subject to discharge.

**2) Claims of Action: Dischargeability of Debt – Rule 7001(6), 11 U.S.C. § 523(a)(2)(A)**

Plaintiff alleges that M&T Bank's claim is based on false representations and fraudulent inducement:
Misrepresentation of the bank's role and obligations under the FHA 203(k) program.
Failure to disclose material facts regarding escrow disbursement and contractor oversight.
Promotion of the same rehab program post-bankruptcy despite prior unresolved damages.
These actions constitute actual fraud, rendering the debt non-enforceable and dischargeable.

**3) Claim 3: Dischargeability of Debt – Rule 7001(6), 11 U.S.C. § 523(a)(4)**
**Against defendant 1) M&T Bank**

**Statement of Fiduciary Breach and Abandonment of Duty**

Plaintiff alleges that Defendant 1- M&T Bank held a fiduciary duty toward Plaintiff by virtue of their entrusted role in managing and safeguarding financial assets pursuant to FHA 203K loan requirements set forth under **12 U.S.C. § 1709(k)** to revitalize homes in need of repair to HUD standards. The responsibility for servicing actions are the mortgage holders including the act of its servicers or at their direction. The costs associated with subservicing may not be imposed on the Borrower or passed along to HUD in a claim for mortgage insurance benefits. **(r. Pg1193- HUD Single Family Housing Policy Handbook 4000.1)**

**1. Establishment of Fiduciary Duty:**

The defendant was entrusted with confidential financial information, charged with the responsibility to act in good faith, disclose material facts, and avoid self-dealing. The relationship created reasonable expectations of loyalty, care, and diligence and to protect their shared interest in the property.

**2. Breach of Duty:**

Defendant materially breached these obligations by:

   a. Mismanaging entrusted funds with reckless disregard for Plaintiff's well-being. M&T Bank is responsible for fulfilling any construction by hiring a contractor to complete the 203k rehabilitation that was unable to be completed by Plaintiff. Plaintiff tried multiple times to facilitate a contractor but could not due to M&T Bank's withdrawal of financial funds set aside in escrow and refusal to distribute aid according to the 203k construction rehab process.

   b. Withholding critical financial information that impeded Plaintiff's ability to make informed decisions. Failure to release escrow funds for expedited repair led to extended waiting periods and financial burden. Failure to communicate with the Plaintiff regarding necessary financial updates regarding pending issues with Yuba County along with withholding necessary funds needed to complete construction rehabilitation resulted in direct violation of the FHA 203k loan agreement. These actions then led to a lack of due process to contest or address any issues to be resolved. M&T Bank's fiduciary duty would have been to act on behalf of Plaintiff to secure shared interest in the property in absence of Plaintiff's knowledge or ability.

   c. Engaging in actions that favored Defendant's interests over those of Plaintiff. M&T Bank knew of the pending imminent harm to the property and failed to inform Plaintiff regarding any status. After complete damage and destruction of the property, M&T Bank failed to inform any losses which would cause further harm and delay for any claims. Additionally these actions should be deemed unenforceable as actions fall under **11 U.S.C. § 523(a)(7)** as being unlawfully imposed and less than three years before filing and **523(a)(2)(A)** creditor's claim is based on fraud and should be discharged. The basis for this makes M&T Bank have unclean hands that interfere with my equitable estoppel

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4) & 523(a)(7)

due to fraudulent inducement. Therefore this makes the debt itself in invalid and unenforceable due to the creditor's misconduct. The argument can also be made since there is no longer a home to be used as collateral that the home portion of the loan is unsecured and therefore should be discharged.

**3. Abandonment of Responsibilities:**

During the forbearance period that HUD regulation was not to treat a rehabilitation loan in default due to the COVID pandemic, the defendant subsequently ceased any and all meaningful communication, refused to provide updates or accountings, and neglected core duties. This pattern of willful neglect directly impaired Plaintiff's rights and intentionally exposed Plaintiff to undue legal and financial harm. According to the rehab loan rider agreement, the exception to being charged the fees imposed by Yuba County would be in the case of a lockout, which occurred in 2022. Since Plaintiff was forced out of occupancy without due process or a way to contest such enforcement actions such charges should be deemed unenforceable. If the defendant had fulfilled their responsibility to complete the construction rehabilitation per the loan rider agreement, a lockout and subsequent fines would not have occurred.

**4. Resulting Harm:**

Due to the loan origination with HUD, the lender is held by the Federal standards and is obligated to uphold HUD property requirements. Per HUD requirements, mitigation options require that the lender hire a new contractor to complete the rehab project in a timely manner. No contractor was hired or submitted to the borrower by the lender for bids or approval. As a direct and proximate result of Defendant's misconduct and abandonment, Plaintiff incurred loss of funds, legal liability, reputational harm, for which Plaintiff now seeks relief as deemed just and proper by a jury trial.

**In summary:**

M&T Bank held a fiduciary duty under the FHA 203(k) framework, which includes managing escrow funds and ensuring completion of repairs. The bank withheld escrow funds, failed to hire a contractor, and abandoned its oversight duties. These actions render the creditor's claim invalid and subject to

discharge. Due to the creditor's misconduct, the debt should be reclassified as unsecured and discharged.

**Claim 4: Violation of Automatic Stay – 11 U.S.C. § 362(a)**

**Violation of Automatic stay according to 11 USC §362 with a promotional email on July 11th, 2025 also entitles debtor to seek relief for misconduct by creditor's willful negligence.**

On July 11, 2025, M&T Bank sent promotional material regarding FHA 203(k) loans to Plaintiff. This communication occurred after the bankruptcy filing, and referenced the same damaged property and loan program. Plaintiff alleges this was a willful violation of the automatic stay, causing emotional distress and compounding financial harm. After Plaintiff had to file bankruptcy and previous construction issues thru a current loan and previous Governor declared state of emergency order for a flood that affected plaintiff's bankruptcy estate is reckless and callous. This is a clear violation of bankruptcy protections and has caused further emotional distress and defendant claims all liability rests with Plaintiff in violation of HUD regulations and loan contract with Plaintiff. If the email was intended for certain residents currently experiencing damage due to recent events, it should be clearly intended for such individuals within the disaster declared areas.

**Claim of Action: Determination of Validity and Extent of Lien – Rule 7001(2)**
**Regarding defendant 2) Thomas Smith of Smitho & Sons- 203k Rehab Contractor**

Defendant Thomas Smith of Smitho & Sons was contracted to rehab the property of the Plaintiff through the HUD approved FHA 203k loan rehabilitation program and authorized by M&T Bank as a qualified contractor. HUD regulations require lenders to verify all licenses and references of contractors to be qualified before closing of a mortgage loan. M&T Bank failed to verify references and subsequently authorized an unqualified contractor to repair and receive funds through an escrow account. During the rehabilitation period, several issues were raised to M&T Bank in regards to the

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)& 523(a)(7)

standards of work and incompletion of items previously verified by the HUD consultant in accordance with the HUD loan terms. Upon termination of contract with cause, defendant Thomas Smith of Smitho & Sons, still owes damages due to Plaintiff. The HUD approved FHA 203k loan rehabilitation contract between Plaintiff and defendant Thomas Smith of Smitho & Sons, includes an indemnity clause that relieves Plaintiff from all claims in connection to all construction rehabilitation work and damages done by contractor. This indemnity clause would apply to any liens or violations claimed by Yuba County. Plaintiff therefore seeks remedies in this court's jurisdiction to dismiss any claim made by Yuba County to M&T Bank and challenges any additional claims to judgments made that directly relate to the bankruptcy estate. Plaintiff also seeks relief that is owed in property damage in order to settle debt with creditors.

**Claim of Action: Determination of Validity and Extent of Lien – Rule 7001(a) & 7001(2) & 7001(i)**

**Regarding defendant 3) James Bishop- HUD Consultant**

Acting on behalf of HUD as a consultant to oversee the rehab construction and the release of escrow funds between the lender and contractor, any actions taken would be directly related to the bankruptcy estate and thus relevant to this core proceeding. Plantiff seeks a declaratory judgement regarding the actions taken by James Bishop against the estate and requests any fees distributed to be returned for failure to fulfill contract obligiations.

**Claim of Action: Determination of Validity and Extent of Lien – Rule 7001(2) & 7001(a)**

**Against defendant 4) Yuba County Does 1-20**

Before closing the HUD FHA 203k mortgage loan at Plaintiff's property, HUD requirements require a permit in place so that rehabilitation work can begin immediately. A permit in the previous owner's name had to be purchased as title is not transferred until after closing. During several stages inspections are to be done by the local county building inspector. The inspections completed by the

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)& 523(a)(7)

HUD consultant are to verify work is completed according to a draw request for payment from M&T Bank to the contractor.

**Supporting Codes to Claim:**

1. Under **28 USC §157** claims are considered core proceedings to the bankruptcy estate of which Yuba County filed a claim against Plaintiff separate from M&T Bank. All claims and objections to be determined and resolved that reflect the bankruptcy estate are subject to validation and challenges.

2. With respect to **28 USC §1334**, the following court has exclusive jurisdiction where the debtor has filed, in the Eastern District of California Sacramento Division.

3. Furthermore, submitting a claim that may have any misconduct or actions arising from acting in an official or non-official capacity would hold county officials accountable as **11 USC §106(a)** waives sovereign immunity as the Plaintiff seeks relief related to such actions. The fines imposed by Yuba County were procedurally unlawful as no hearing with proper notice was given to contest or resolve any violations. The actions taken by Yuba County violates public policy and constitutional protections regarding property and due process. The actions taken by Yuba County were not meant to enforce regulations but to harass and intentionally harm Plaintiff. Additional actions in violation of several Federal and State regulations regarding aid for disaster relief to protect property from harm was addressed in the opposition motion to dismiss filing on April 15th, 2025 and directly led to hardship to Plaintiff's financial estate.

During December 2021, exceptional heavy rainfall over the month required twenty counties throughout the state to be declared a State of Emergency by the Governor. This is not a new occurrence for Yuba County. Several areas are impacted every year with loss of power and overflowing storm drains. The maintenance of the storm drains are the responsibility of Yuba County Water Agency and OPUD as set forth in the Yuba County bylaws and regulations. The storm drains

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)& 523(a)(7)

have been an issue to many residents as many areas are older neighborhoods. The Yuba County Building Department is responsible for ensuring any permits and work approved in regards to properties draining have proper management so that the neighboring properties are not inundated by other properties.

Failure to oversee proper permits and faulty storm drains lies with Yuba County. The amount of rainfall that came into my property during the winter storms in December 2021 was from neighboring properties overflowing the storm drains. This led to the circumstances of my property being inundated with overflow. Depending on the leveled area of land, this meant a depth of flooding was between 6 inches to approximately 2 feet spread over almost 2 and a half acres. Over the last 20 years, Yuba Water Agency and Yuba County officials have acknowledged the substandard maintenance due to their lack of funds or manpower to properly maintain the storm drainage, however, this would constitute negligence if they had the knowledge and have refused to take proper measures to fix the problem. Instead, the agencies collectively have not reported the damage or applied for assistance to maintain storm drains under a declared State of Emergency. This reckless negligence is abhorrent as the Governor's order includes provisions and financial aid to ensure the safety of people and property. Additional statutes regarding this counterclaim against Yuba County will prove to have been violated during discovery: **Fair housing Act; ADA disability laws; HUD regulations;** and the **Animal Enterprise Terrorist Act** for interstate farming businesses. Due to the severe nature of these claims, the plaintiff requesting injunctive relief, a declaratory judgement of violation of federal statues on all defendant parties in reference to this claim and the bankruptcy estate and seeks damages under **California Penal Code § 118.1**, which prohibits police from knowingly making false statements in reports. Each county official acted on their own behalf with testimony acknowledging failure to properly adhere to standards set by the State of California and the United States Federal Government and therefore acted while in their active roles as employees and as such actions waive immunity and hold personal liability to such actions.

**Regarding defendant 5) Does 1-20**

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)& 523(a)(7)

Plaintiff respectfully realizes the extent of additional parties that may be unknown with direct relation to the bankruptcy estate and will in good faith amend such defendant names upon discovery.

**Additional bankruptcy codes supporting these claims for reference:**

**11 USC §105**: the bankruptcy court holds equitable power to enforce the Code.

**28 USC §105**: the bank remains obligated to complete a home under HUD rules.

**28 USC §362 & 362 (k)**: debtors are entitled to relief of attorney's fees in regards to a willful stay violation.

**28 USC §542**: debtor respectfully requests that turnover of property and funds by all parties that were improperly withheld to make the debtor return to whole. (such as cover associated contingency needs be returned to debtor.)

**18 USC §152(4)**: objecting to fraudulent proof of claim

**11 USC §502 (b)**: object to validity of claim

**11 USC §510 (c)**: to subordinate a claim due to misconduct

With the same intent to rebuild although destroyed, a judicial lien impairs my ability to claim a homestead exemption, leading for a motion to avoid the lien under **11 USC §522(f)**.

**Conclusion:**

As demonstrated above, the combined actions taken by multiple defendants have severely harmed Plaintiff and the bankruptcy estate. In 2018, M&T Bank misrepresented the HUD regulations set for borrowers and did not ensure servicing to protect Plaintiff's interest. Failure to verify a qualified contractor and abandoning to hire a replacement contractor to ensure a habitable home while qualifying insurance with HUD can be considered as fraudulent and therefore should be deemed unenforceable to Plaintiff until contract can be resolved or brought to compliance. The HUD consultant also abandoned the project after falsifying escrow draws that work was completed and reporting inaccurate findings to M&T Bank and falsely ensuring HUD compliance by Thomas Smith of Smitho & Sons. These actions led to irreparable damage to the home once all defendants willfully failed to fulfill their obligations causing further financial hardship on Plaintiff. After notifying Yuba

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4) & 523(a)(7)

County officials that their improper permit approvals and misqualification of repairs, officials agreed to several concessions and exceptions for their errors which caused undue delay of repairs. Failure to properly investigate or report damage as required by Federal and State regulations for declared disasters, Yuba County took extra steps to ensure discrimination of other Federal and State aid during a Governor declared emergency that would have been beneficial for Plaintiff and aid in resolving the HUD regulations. Instead they willfully and deliberately denied knowledge of all programs available for Plaintiff and further extended harm by trying to enforce claims inappropriately to the homeowner.

Had each party not willfully ignored regulations and standards regulated by HUD, the Governor on behalf of the State of California, along with the California State Constitution and the Federal regulations set forth by the United States; and reported such improper misconduct, such damage could have been prevented. After knowledge of such errors, each party continued to willfully and negligently continued to harm Plaintiff. Each party has not been held accountable for actions against Plaintiff's estate, causing irreparable harm leading to financial hardships and severe emotional distress which has led to the filing of the bankruptcy estate.

**PRAYER FOR FUTURE RELIEF OF DAMAGES:**

Plaintiff respectfully requests the Court address the existence of fiduciary fraud, declare Defendant's claims of any fees related to Yuba County unenforceable and award relief deemed just and proper by a jury trial.

As any claims deemed inappropriate for the Court's jurisdiction, I would like to preserve my rights to pursue any additional claims in a State or Federal District Court that can address any unresolved constitutional violations with damages at a later date if required.

8/19/25 x *[signature]*

- 11 -

COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)& 523(a)(7)