**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 24-23447-A-13 |
| STEPHANIE ANN CHITWOOD, | |
|                 Debtor. | |
| STEPHANIE ANN CHITWOOD, | Adv. No. 25-02107 |
|           Plaintiff, | FEC-1 |
|       v. | |
| M&T BANK, et al., | |
|           Defendants. | |

**Order Dismissing Complaint and Granting Leave to Amend**

It is hereby ordered that:

1.    the complaint is hereby dismissed because:

    A.    the plaintiff has not complied with Federal Rule of
    Civil Procedure 10, *incorporated by* Federal Rule of
    Bankruptcy Procedure 7010: (i) failure to include an
    adversary proceeding caption and to name each defendant in
    that caption, Fed. R. Civ. P. 10(a); Official Form B461D;
    (ii)  failure to set forth each claim in "numbered
    paragraphs, each limited as far as practicable to a single
    set of circumstances;" Fed. R. Civ. P. 10(b); (iii) failure
    to set forth each claim in a separate transaction or
    occurrence in a separate count, *id.*;

    B.    allegations of non-dischargeability under 11 U.S.C. §§
    523(a)(2), (a)(4) are applicable to debtors, and not to
    creditors;[1]

    C.    the complaint appears to violate the permissive
    joinder rules, Fed. R. Civ. P. 20(a)(1), *incorporated by*
    Fed. R. Bankr. P. 7020 (transactions do not appear to arise
    from the same transaction, occurrence or series of
    transactions of occurrences, i.e., validity of lien base on
    failure to complete the "FHA 203(k) rehabilitation process"
    and the stay violation on July 11, 2005);

    D.    the complaint fails to state a "plausible claim," and
    is too conclusory, Fed. R. Civ. P. 12(b)(6), *incorporated
    by* Fed. R. Bankr. P. 7012:

        Under Federal Rule of Civil Procedure 12(b)(6), a

---

[1]  Any allegation of dischargeability under 11 U.S.C. § 523(a)(7) is
different because the debtor may seek a determination of the dischargeability
of her debt(s) to the creditor.  Fed. R. Bankr. P. 4007(a).

party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012(b). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121–22 (9th Cir. 2008); accord *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The Supreme Court has established the minimum requirements for pleading sufficient facts. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a Rule 12(b)(6) motion to dismiss, the court accepts all factual allegations as true and construes them, along with all reasonable inferences drawn from them, in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting *Twombly*, 550 U.S. at 555).

2.   not later than December 5, 2025, plaintiff Stephanie Chitwood shall file and serve on all defendants a First Amended Complaint; said complaint shall: (A) address the issues herein; and (B) shall not include causes of action against defendants under 11 U.S.C. § 523 unless it is an action under Federal Rule of Bankruptcy Procedure 4007(a); and

3.　　not later than December 26, 2025, the defendants (including those that have previously filed answers) shall file either a motion under Rule 12 or answer to the complaint.

**Dated:** October 15, 2025

_____

**Fredrick E. Clement**
**United States Bankruptcy Judge**

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Attorney for the Plaintiff**(s) | **Attorney for the Defendant**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Interested Parties** | |